**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONNY LEE FAIN, <br><br> Petitioner - Appellant, <br><br> v. <br><br> JACK PALMER and NEVADA ATTORNEY GENERAL, <br><br> Respondents - Appellees. | No. 12-17181 <br><br> D.C. No. 3:09-cv-00169-RCJ-WGC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted November 17, 2014[**]
San Francisco, California

Before: REINHARDT, THOMAS, and CHRISTEN, Circuit Judges.

Ronny Lee Fain appeals the district court's denial of his petition for writ of

habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We

affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review a district court's denial of a habeas petition de novo. *Musladin v. Lamarque*, 555 F.3d 830, 835 (9th Cir. 2009). A habeas petition challenging a state court conviction cannot be granted unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Fain argues that the delay in resolving his appeal from his state court conviction violated his due process rights. However, this argument is precluded by binding circuit precedent, in which we previously held that "no clearly established Federal law, as determined by the Supreme Court of the United States recognizes a due process right to a speedy appeal." *Hayes v. Ayers*, 632 F.3d 500, 523 (9th Cir. 2011) (citation and internal quotation marks omitted); *see also Blair v. Martel*, 645 F.3d 1151, 1158 (9th Cir. 2011). A three judge panel lacks the authority to overrule circuit precedent in the absence of an intervening, clearly irreconcilable, Supreme Court opinion, en banc opinion, or statutory change. *Avagyan v. Holder,* 646 F.3d 672, 677 (9th Cir. 2011).

**AFFIRMED.**

2